UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KYDIA INCORPORATED,

    Plaintiff,

v.                                          Case No. 18-cv-1217-pp

OBENTO LIMITED, AMANDA CHAN,
TAO XIE, and ZEMVER CORPUZ,

    Defendants.

**ORDER REQUIRING PLAINTIFF TO FILE STATUS REPORT
BY END OF DAY JANUARY 25, 2019**

      The plaintiff filed its original complaint on August 7, 2018, dkt. no. 1, and filed an amended complaint nine days later, dkt. no. 3. The amended complaint named four defendants: Obento Limited, Amanda Chan, Tao Xie and Zemver Corpuz. Dkt. No 3 at 1. It alleges six causes of action. Counts One and Four name Obento, Chan and Xie. Counts Two, Three and Five name all four defendants. Count Six names only Chan. (The plaintiff also filed a motion for temporary restraining order, dkt. nos. 4, 6, but later moved to withdraw that motion, dkt. nos. 8, 9.)

      Defendants Obento Limited and Amanda Chan have appeared. Dkt. No. 14. The same day they filed their appearances, the plaintiff and those two defendants filed a "stipulated motion" agreeing that Obento and Chan would have until December 10, 2019 to file their answer to the amended complaint.

Dkt. No. 15. Judge Duffin—to whom the case was assigned at the time—granted the motion on October 22, 20218. Dkt. No. 18.

Because all the parties did not consent to Judge Duffin's authority to enter final decisions, the clerk's office transferred the case to this court. Three days later, the plaintiff filed a declaration from its process server, describing the efforts it had made on November 12, 2018 to serve Zemver Corpuz. Dkt. No. 22. That same day, the plaintiff filed a motion asking the court to issue a preliminary injunction against all four defendants. Dkt. No. 23. The plaintiff, Obento Limited and Chan also filed another stipulation, this one extending the time to December 31, 2018 for those two defendants to respond to the motion for preliminary injunction. Dkt. No. 27.

On December 31, 2018, Obento and Chan filed a motion asking the court to dismiss five of the six counts in the amended complaint—Counts One, Two Three, Five and Six. Dkt. No. 33. All but the last of those counts name Xie, Zemver Corpuz or both as defendants. Obento and Chan also asked the court to stay briefing on the preliminary injunction until it decides the motion to dismiss. Dkt. No. 35.

Both the motion for a preliminary injunction and the motion to dismiss involve the two defendants who have not appeared. With knowing whether those defendants are aware they have been sued, the court is not in a position to rule on the two motions.

The amended complaint alleges that defendant Tao Xie is "believed to be a citizen of China and to be domiciled in China." Dkt. No. 3 at 12. Rule 4(f) of

the Federal Rules of Civil Procedure governs service of individuals in foreign countries; Rule 4(m), which sets the time limit for service at ninety days, specifically excludes service on a defendant in a foreign country. The plaintiff may be attempting to serve defendant Xie in China, but the plaintiff has not provided the court with any information regarding the steps it has taken to effectuate service, or when it expects to achieve service, on Xie.

The amended complaint alleges that Corpuz was and is a citizen of the Philippines and is domiciled in the Philippines. Dkt. No. 3 at 17, ¶41. The declaration of the process server recounts that on November 12, 2018, the process server visited an address on Montecilla Road in Baguio City in the Philippines. Dkt. No. 22 at 2. The process server indicated that he or she met a woman who indicated that her name was Rea Vanessa D. Gacer, and that she was Zemver Corpuz's wife and lived with him at that residence. Id. The process server indicated that he or she gave the summons, the amended complaint and the civil cover sheet to this woman, and told her that the documents were important and that she should give them to Corpuz as soon as possible. Id. at 2-3. The declaration of the process server is not notarized or sworn.

Rule 4(f)(2)(c)(i) requires a plaintiff to serve an individual in a foreign country personally; Rule 4(f)(2)(c)(ii) allows service by certified mail ("any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt"). The rule also allows service by internationally agreed means, or as prescribed by that country's law. The rule does not provide for service by "leaving a copy . . . at the individual's dwelling or usual place of abode with

3

someone of suitable age and discretion who lives there," as provided under Rule 4(e)(2)(B) for service on individuals in the U.S.

Even if it were clear that the plaintiff had properly served Corpuz, almost two months have passed and Corpuz has not appeared. The plaintiff has not sought default or entry of default judgment (and if it had sought default judgment, the court would have engaged in the above analysis at that point).

Because the plaintiff's motion for injunctive relief and the motion to dismiss filed by Obento and Chan involve these two defendants, the court needs information on their status before it can consider those motions.

The court **ORDERS** that no later than the end of the day on **Friday, January 25, 2019,** the plaintiff shall file a status report informing the court of the status of service on these two defendants.

Dated in Milwaukee, Wisconsin this 14th day of January, 2019.

                                    **BY THE COURT:**

                                    _____
                                    **HON. PAMELA PEPPER**
                                    **United States District Judge**