| | |
|---|---|
| KYDIA INCORPORATED, an Illinois corporation, | )<br>)<br>) |
| Plaintiff, | ) Case No. 2:18-cv-1217 |
| v. | ) Judge Pamela Pepper |
| OBENTO LIMITED (d/b/a Chinese Menu Online), a Hong Kong business entity; AMANDA CHAN (a/k/a Tsz Mei Amanda Fulton Chan), an individual, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS' CIVIL L.R. 7(H) and F. R. CIV. P. 37(a)(3)(B) EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES FROM PLAINTIFF**

1. Plaintiff, Kydia Incorporated ("Kydia") filed its Complaint on August 7, 2018. *See* Dkt. #1. Sixteen months into the case, and progress has halted entirely because Kydia is stonewalling in discovery. Defendants, Obento Limited and Amanda Chan (collectively "Chinese Menu Online" or "CMO"), fully answered the discovery propounded by Kydia. Kydia, by contrast, did not even attempt to conduct a good faith investigation of its records to respond to CMO's interrogatories and requests for production. After the parties met and conferred about Kydia's deficient responses to the requests for production, Kydia's counsel ceased responding to defense counsel's emails attempting to schedule further discussion in order to avoid a motion such as this. The parties now need the Court's assistance to restart discovery momentum so discovery may be completed on time, *i.e.*, by July 1, 2020.

2. This case is a business competition dispute between two businesses that facilitate the ordering of Chinese food online. Kydia's operative complaint essentially alleges: (1) Chan and the co-owner of CMO took confidential, proprietary information from a company Kydia acquired when Chan and her co-owner started CMO, and (2) CMO subsequently paid an employee of Kydia to retake management access to certain Google My Business ("GMB") listings. *See id.* CMO counterclaimed

and contends, in essence, Kydia engaged in a concerted, fraudulent, and unlawful scheme to interfere with and undermine the relationships between CMO and its customers in order to force CMO out of the marketplace. *See* Dkt. #50. Kydia denied virtually all of the allegations without explanation. *See* Dkt. #54. Additionally, Kydia made its initial disclosures replete with assertions and reiterations of its prior filings, but produced no documents in connection therewith. *See* Group Exhibit A to Affidavit of Jonathan L. Schwartz, attached hereto as **Exhibit 1**, ¶ 2.

3. To understand the bases of Kydia's allegations, including the nature of the "trade secrets" Kydia contends CMO misappropriated and whether Kydia unlawfully gained access in the first place to the restaurants whose GMB listings CMO justifiably resecured, to gather evidence of Kydia's fraudulent scheme, and learn the factual bases for Kydia's blanket denials of the Counterclaim allegations, CMO issued interrogatories and requests for production to Kydia on July 24, 2019. *See Roberts v. Integrated Mail Indus., Inc.*, No. 18-cv-699-PP, 2019 WL 188411, at *2 (Pepper, J.) (copy attached) (FRCP 26(b)(1) allows discovery regarding any nonprivileged matter relevant to the claims or defenses of the propounding party). Kydia responded timely on August 30, 2019, but Kydia's responses were littered with boilerplate objections and flimsy responses that they could not understand the requests. *See* Ex. A, ¶ 2, Grp. Ex. A; *see also Baires Blue Cross Blue Shield of Minnesota v. State Farm Mut. Auto. Ins. Co.*, No. 16-CV-402-JPS, 2016 WL 4591905, at *5 (E.D. Wis. Sept. 2, 2016) (copy attached) (boilerplate objections do not overcome the party's burden to fully answer discovery). Kydia produced its "confidential" documents on September 5, 2019. In sum, Kydia produced only approximately 100 pages of documents in a case where Kydia has claimed $25 million in damages.

4. On September 10, 2019, counsel for CMO, Jonathan Schwartz, emailed counsel of record for Kydia, Scott Lesowitz, asking to meet and confer about Kydia's deficient discovery responses. Because he was too busy to handle it himself, Mr. Lesowitz handed off the matter to his partner, Steven Gebelin, who had not made an appearance in this matter and was unable to discuss

the matter for 2½ weeks. Mr. Schwartz, Mr. Gebelin, and Leon Chen, owner of Kydia, met and conferred twice via telephone on September 25 and 26. After that, counsel for Kydia asked for an outline of CMO's concerns about Kydia's responses to the remaining requests for production. CMO's counsel provided that information the following business day and in advance of the parties' next scheduled meet-and-confer discussion. However, counsel for Kydia suspended the discussions, and despite attempts throughout the month of October to reschedule them, Kydia's counsel ceased responding entirely to counsel for CMO's emails – and without any explanation. *See* Ex. B to Ex. 1, ¶ 2; *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 6694904, at *7 (N.D. Ill. Nov. 8, 2018) (copy attached) ("The requirement that parties in litigation attempt to work cooperatively could not be more basic to the operation of the Federal Discovery Rules, as every court in the country has recognized."). Accordingly, in satisfaction of Civil L.R. 37, counsel for CMO certifies that he has attempted in good faith to confer with counsel for Kydia about Kydia's deficient discovery responses, to no avail.

5. The parties did make progress on September 25 and 26, 2019, with Kydia promising to search for responsive documents. Kydia, unfortunately, had not undertaken searches of its emails, data management systems, or other records to identify responsive documents. CMO was hopeful this progress could yield the necessary documentation so the parties could move on to oral discovery. But, despite making promises to search for responsive documents, Kydia never responded with the results of any search. *See* Ex. C to Ex. 1, ¶ 2; *Johnson v. J.B. Hunt Transp., Inc.*, 280 F.3d 1125, 1132 (7th Cir. 2002) ("[l]itigants are expected to act in good faith in complying with their discovery obligations"); *BankDirect*, 2018 WL 6694904, at *4 (internal citations omitted) ("The rules seek to facilitate open and even-handed development of the relevant facts. Modern discovery rules regard secrecy as uncongenial to truth seeking and trial by ambush as destructive of the overarching goal that cases be justly

determined on their merits. Thus, lawyers have a duty to act in good faith in complying with their discovery obligations and to cooperate in and facilitate forthright discovery.").

6.  In an effort to facilitate the timely completion of discovery, CMO respectfully requests this Court order Kydia to: (a) complete all meet-and-confer discussions before January 6, 2020, (b) fully supplement its discovery responses and produce all responsive documents by January 13, 2020, and (c) appear in person for a discovery status hearing between January 27-31, 2020 so this Court may aid the parties in working through any remaining discovery disputes. *See IDC Fin. Publ'g, Inc. v. Bonddesk Grp., LLC*, No. 15-CV-1085-PP, 2017 WL 4863202, at *2 (E.D. Wis. Oct. 26, 2017) (Pepper, J.) (copy attached) ("District courts maintain broad discretion in discovery matters.")

DATED:  December 19, 2019                   **GOLDBERG SEGALLA LLP**

                                            By:         s/ *Jonathan L. Schwartz*
                                                    Attorneys for Defendants,
                                                    Obento Limited and Amanda Chan

Lawrence D. Mason (WI Bar #1051855)
Jonathan L. Schwartz (WI Bar #1099546)
**GOLDBERG SEGALLA LLP**
**Mailing Address:**
P.O. Box 957
Buffalo, NY 14201
**Physical Address:**
222 W. Adams St., Suite 2250
Chicago, IL 60606
Telephone:   (312) 572-8411 (Schwartz)
             (312) 572-8444 (Mason)
E-mail:  lmason@goldbergsegalla.com
Email:  jschwartz@goldbergsegalla.com