# EXHIBIT C

# Schwartz, Jonathan L.

| | |
|---|---|
| **From:** | Schwartz, Jonathan L. |
| **Sent:** | Friday, October 4, 2019 1:17 PM |
| **To:** | 'steven@syversonlaw.com'; 'Scott Lesowitz' |
| **Cc:** | Mason, Larry D.; 'Leon Chen' |
| **Subject:** | RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879] |

Steve,

Please let the following serve as a high-level recap of our meet-and-confer discussions to date on Kydia's responses to Requests for Production #1-14. If you believe I have misstated anything we discussed or if you wish to clarify any point, I encourage you to do so.

As an initial matter, we began with **RFP #26**, which seeks the documents promised as part of Kydia's initial disclosures. You agreed to produce them, but were not certain when that will happen. Do you believe they may be produced by October 11?

**RFP #1:** I explained that the IOO customer list produced did not match the allegations in the Complaint. The allegations contain much more detail about private information contained in the customer list, such as names of owners, special fax numbers, and personal emails. You promised to go back and find out whether there exists more than one list, and more specifically, a list that has more data than just the name of the restaurant, a phone number, and an eHungry ID.

**RFP #2**: We discussed the scope of the request as seeking the availability of emails, memos, and the like referencing Xie or Chan having ceased work for Kydia or IOO. We explained the relevance of the request as pertaining to IOO's steps taken to protect any confidential trade secrets and/or prevent their misappropriation, in addition to reaching out to restaurant customers to preserve their relationship with the successor to IOO. While Kydia answered it has no responsive documents, Leon admitted that no search was performed of Kydia's data management systems for responsive documents because he knew neither Xie nor Chan tendered a resignation letter. We explained that this request was broader than that. Please advise what the search of Kydia's data management systems yields.

**RFP #3:** We did not have any disagreements about the request. But, while Kydia produced a few documents, Leon admitted no search was performed of Kydia's data management systems for responsive documents. Please advise what the search of Kydia's data management systems yields.

**RFP #4:** We discussed this request at length, as it concerns how Kydia knows that Xie or Chan misappropriated IOO's trade secrets. We resolved all of Kydia's objections about the form of the request and its relevance and proportionality. We agreed that the scope of the request is documents Chan or Xie "having taken or used trade secrets" belonging to IOO. You explained that no documents are being withheld other than communications with Kydia's law firm, Stutzman & Klotz. Please advise if you become aware of any responsive documents within the agreed-upon scope of the request.

**RFP #6**: We resolved Kydia's objections, and you clarified that no responsive documents are being withheld.

**RFP #7:** We reached a compromise on this request. Rather than producing the entire Asset Purchase Agreement, we agreed that the request should seek the parts that confirm Kydia acquired the right of IOO under the Work for Hire Agreement. We offered to have the document be subject to the existing protective order in the case. You promised to "discuss the response offline."

**RFP #8-9**:  We resolved all of Kydia's objections by discussion of how complaints by a Chinese Food Restaurant to Google about Kydia are relevant to the allegations in the complaint about Kydia interfering with Obento's management of its customers' GMB listings.  We agreed to provide you with a list of restaurants whose GMB listings Obento managed so you can determine if you are aware of complaints by those restaurants to Google. You agreed to discuss search for responsive documents.

**RFP #11**:  We discussed the scope of the request, which you correctly understand as communications from Kydia's customers to Kydia about the quality of Obento's services.  This resolved Kydia's objections as to the form and breadth of the request.  You agreed to search again for responsive documents with this understanding.

**RFP #12**:  We discussed the scope of the request, which is communications by a competitor of Kydia disputing Kydia's authorization to manage a customer's GMB listing.  This should resolve all of Kydia's objections.  Based on an agreed understanding of the scope of the request, you agreed to search for responsive documents.

**RFP #13**:  We resolved Kydia's objections through agreement that this request would be considered two separate requests.  The first concerns documents in Kydia's possession referencing Obento's management or control of its customers' GMB listings.  You agreed to search for responsive documents.  The second concerns communications between Kydia and GoDaddy that led to Obento customers' domains being frozen as a result of this litigation.  You agreed to search for documents responsive to this request as well.

**RFP #14**:  We resolved Kydia's objections through a compromise on the scope of this request, which is Kydia's files on restaurants whose GMB listings Obento never managed.  We explained this is directly relevant to Kydia's claim of lost revenue from Obento, Chan, and Xie's alleged misconduct.  We will provide you the list, as discussed above, of restaurants whose GMB listings Obento managed.  You agreed that once you have that information, you will decide whether to respond.

Do you believe Kydia will be able to complete all of its searches (with the exception of RFPs #8-9) and supplement its responses and production by October 18, 2019?

Last, I don't have any notes about discussions concerning Request for Production #15.  Please know we would like to address that one on the next call.  We believe Google, restaurants, and Kydia's competitors have sent letters, emails, and other written communications to Kydia alleging violations of Google's Terms and Conditions with respect to GMB listings.  That is at the very center of Obento's Counterclaim.  We disagree with the objections, and at a minimum, expect Kydia will state whether it is withholding responsive documents.

Jonathan

---

**From:** steven@syversonlaw.com <steven@syversonlaw.com>
**Sent:** Thursday, October 3, 2019 5:41 PM
**To:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>; 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

**ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.**

Hi Jonathan,

Unfortunately, after my hearing yesterday went very long, I haven't been able to fully prepare with my client on the list you provided below but have made good progress.   Let's target early next week.

In the meantime, and to keep the process moving forward, can you send across your write up on the RFPs in the 1-15 range we already covered? We'll work on that simultaneously.

Best,

Steven Gebelin
Syverson, Lesowitz & Gebelin LLP
310-341-3072
steven@syversonlaw.com

---

**From:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>
**Sent:** Tuesday, October 1, 2019 7:17 PM
**To:** 'steven@syversonlaw.com' <steven@syversonlaw.com>; 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

Steve, I have no issue rescheduling the call until Friday. I am available from 9-10am PDT. Does that work for you?

---

**From:** steven@syversonlaw.com <steven@syversonlaw.com>
**Sent:** Tuesday, October 1, 2019 10:55 AM
**To:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>; 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

**ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.**

Hi Jonathan,

Thank you very much for the time and effort that you obviously put into the message below- I think it will be very useful for me and my client to be able to prepare for continuing our meet and confer efforts. I do agree that we have made accomplishments in our calls, but I still think that we can be more efficient with all of our time in talking through the issues.

With that in mind, I'm having my client look closely at the items you've delineated and prepare information for me so we can be best prepared to efficiently move through the issues you've identified. Also, I'd like a chance to talk to Scott about a few of the items and he's still out for the holiday today. So we can be ready, I'd like to postpone the call to a little later in the week. I'm in a hearing tomorrow morning, but would be open late Thursday or Friday. Please let me know your availability on those days.

Thanks,

Steven Gebelin
Syverson, Lesowitz & Gebelin LLP
310-341-3072
steven@syversonlaw.com

---

**From:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>
**Sent:** Monday, September 30, 2019 3:00 PM
**To:** 'steven@syversonlaw.com' <steven@syversonlaw.com>; 'Scott Lesowitz' <scott@syversonlaw.com>

3

**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

Steve,

Larry and I greatly appreciate the time you have spent going over with us our concerns about Kydia's discovery responses. I agree we have a ways to go, but contrary to your statement that this has not been productive, I believe we have made real progress. We started from a place, which we alerted you to nearly three weeks ago, of great disappointment in receiving approximately 100 pages of documents and not a single name of a person knowledgeable of the issues in the case, other than Leon Chen and Fan Li. But, in the time we have spent so far getting through 2/3 of Kydia's responses to the requests for production, I believe we have bridged some of the disconnects between what we expected from Kydia and what Kydia believes were appropriate responses. At the very least, I believe we better understand each other's positions and know what needs to happen to break through some of the gridlock. As I know you would agree, we have talked a lot about Obento's Counterclaim. Those discussions have yielded compromise in the form of Kydia's agreement to supplement its responses based on the clarification and narrowing of the requests for production. We have also discussed several times Kydia's customer files and its knowledge of which competitors are responsible for managing restaurants' GMB listings. We hope those discussions will help to give Kydia the guidance it needs to identify documents responsive to the requests at issue.

I will address in a separate email the agreements we have reached with respect to the Requests for Production we have already discussed. Tomorrow, I'm hoping we can resume with **RFP 15**. We disagree with Kydia's relevance objections and need to know if Kydia is withholding documents, as it is required to state under FRCP 34. More specifically, we firmly believe Kydia's compliance with Google's Terms and Conditions is directly related to the pattern of fraudulent and deceptive conduct outlined in the Counterclaim.

For **RFP 16**, it would be beneficial to discuss Kydia's vague/ambiguous, relevance, and burdensomeness objections. We also need to address whether Kydia is withholding responsive documents, as it is required to state under FRCP 34. Again, documents pertaining to Kydia's unlawful attempts to gain control over Obento's customers' GMB listings, through challenges and requests for logins and passwords, including while pretending to be the restaurant customer, is at the heart of the Counterclaim.

For **RFP 17**, we would like to discuss Kydia's burdensomeness objections. Again, Kydia's communications with customers of Obento about Kydia's management of the customers' GMB listings is directly relevant to the Counterclaim. And, we are hard-pressed to believe Kydia does not maintain files for its customers and does not document authorizations or confirmations that it may manage their GMB listings.

For **RFP 18**, we would like to discuss the vague/ambiguous/confusing objection and whether Kydia is withholding responsive documents, as it is required to state under FRCP 34. We do not otherwise find Kydia's answer to be responsive to what was asked, which again, is part and parcel of the fraudulent and deceptive scheme alleged in the Counterclaim.

For **RFP 19,** we would like to address the lack of a privilege log despite the work product objection, the vague/ambiguous/unclear objection, and the promise to provide documents. We have great difficulty understanding how Kydia has not produced a single document evidencing lost profits or revenue.

For **RFP 20-21**, we would like to know whether Kydia is withholding any documents pursuant to its objections, as it is required to state under FRCP 34.

For **RFP 22**, we need to address the business secrets/trade secrets objection, the promise to produce responsive documents, and the other host of objections. Kydia's CFAA claim allows recovery of the cost of repairing or resecuring Kydia's network. My clients are entitled to know what steps Kydia took in the aftermath of Corpuz returning to Obento access to the GMB listings in question and what the cost of those steps was.

For **RFP 24**, we need to discuss why this claim has not been dismissed yet.

For **RFP 25**, we would like to discuss Kydia's myriad objections and whether it is withholding documents, as it is required to state under FRCP 34. A key allegation in the Counterclaim is Kydia outsourced to a group in the Philippines a scheme of interfering with Obento's management of its customers' GMB listings. We are entitled to know who was on that team and on any other team Kydia had overseas to engage in similar misconduct.

I look forward to continuing our discussion at 9am PDT tomorrow.

Jonathan

---

**From:** steven@syversonlaw.com <steven@syversonlaw.com>
**Sent:** Friday, September 27, 2019 2:17 PM
**To:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>; 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

**ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.**

Jonathan,

We've now spent almost 2.5 hours going through *some* of Kydia's discovery responses, one at a time, and still have a way to go. While I note that we have not spent time trying to resolve the "overarching issues", we still have spent a lot of time trying to get through the discovery issues. As I had feared, this has not been a productive use of our time. In advance of our currently scheduled call for Tuesday, I'm going to have to insist that you provide more information so that we can all prepare for the call.

Specifically, I need you to
(1) list which RFPs or Interrogatories you want to cover during the call;
(2) for each, describe the issue that you have with Kydia's responses and/or objections;
(3) provide your proposed resolution of the issues (*e.g.* a narrowing of the Request, an explanation of the relevance of the discovery sought, etc.).

I suspect that by doing this, we can significantly speed up our call and actually make it through the discovery responses in a timely fashion.

Best regards,

Steven Gebelin
Syverson, Lesowitz & Gebelin LLP
310-341-3072
steven@syversonlaw.com

---

**From:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>
**Sent:** Friday, September 27, 2019 9:37 AM
**To:** 'steven@syversonlaw.com' <steven@syversonlaw.com>; 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

Yes we are. Thank you for the reminder.

**From:** steven@syversonlaw.com <steven@syversonlaw.com>
**Sent:** Friday, September 27, 2019 11:20 AM
**To:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>; 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

**ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.**

Hi Jonathan- are we still on to continue at 10:00 am Pacific / 12:00 noon Central today?

Thanks,

Steven Gebelin
Syverson, Lesowitz & Gebelin LLP
310-341-3072
steven@syversonlaw.com

**From:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>
**Sent:** Wednesday, September 25, 2019 2:55 PM
**To:** 'steven@syversonlaw.com' <steven@syversonlaw.com>; 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

RFPs #1, 3, 10, and 27.

Interrogatory #1.

**From:** steven@syversonlaw.com <steven@syversonlaw.com>
**Sent:** Wednesday, September 25, 2019 4:45 PM
**To:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>; 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

**ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.**

Hi Jonathan- A list of requests you are happy with would be a good help.

Thanks,

Steven Gebelin
Syverson, Lesowitz & Gebelin LLP
310-341-3072
steven@syversonlaw.com

**From:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>
**Sent:** Wednesday, September 25, 2019 2:18 PM
**To:** 'steven@syversonlaw.com' <steven@syversonlaw.com>; 'Scott Lesowitz' <scott@syversonlaw.com>

**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

Steve, you're not being difficult. What we have is a serious concern about Kydia's entire approach to discovery in this case. We tried to give Scott (and in turn, you) an overview below. If it would be helpful, I can give you a list of discovery responses we find satisfactory. Please let me know.

Jonathan

---

**From:** steven@syversonlaw.com <steven@syversonlaw.com>
**Sent:** Wednesday, September 25, 2019 3:55 PM
**To:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>; 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

**ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.**

Hi Jonathan,

I hate to be difficult, but if there are "numerous concerns" I don't see why you won't lay them out specifically (i.e. list the items of discovery you want to cover) so that everyone can be on the same page going in to the call- especially so I can prepare with my client. Otherwise, I fear this won't end up being a productive use of anyone's time and we'll end up going round and round without much, if any, progress.

Let's use my dial in: 1 310-372-7549
Conference Code: 136803

Thanks,

Steven Gebelin
Syverson, Lesowitz & Gebelin LLP
310-341-3072
steven@syversonlaw.com

---

**From:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>
**Sent:** Wednesday, September 25, 2019 11:21 AM
**To:** 'steven@syversonlaw.com' <steven@syversonlaw.com>; 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

Steve, we have numerous concerns. We tried to highlight the big picture ones. Hopefully we can start there.

Larry and I are available tomorrow from 9:15am-10am PDT. Does that work for you? If so, can we reach you at the number below?

Jonathan

---

**From:** steven@syversonlaw.com <steven@syversonlaw.com>
**Sent:** Wednesday, September 25, 2019 12:14 PM
**To:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>; 'Scott Lesowitz' <scott@syversonlaw.com>

7

Case 2:18-cv-01217-PP   Filed 12/19/19   Page 8 of 12   Document 63-4

**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

**ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.**

Hi Jonathan,

In order to prepare for the upcoming call, I need to have a better understanding of the goal for the call. Thus, please let me know which discovery requests, if any, you plan to discuss in reference to the points that you've raised in your original email below. Instead, if the points below are just general and you do not intend to involve the court on any specific interrogatories or requests for production at this point, please let me know that instead so I can prepare accordingly.

Steven Gebelin
Syverson, Lesowitz & Gebelin LLP
310-341-3072
steven@syversonlaw.com

---

**From:** steven@syversonlaw.com <steven@syversonlaw.com>
**Sent:** Tuesday, September 24, 2019 12:11 PM
**To:** 'Schwartz, Jonathan L.' <jschwartz@goldbergsegalla.com>; 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** 'Mason, Larry D.' <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

Hi Jonathan,

Sorry for not responding right away. Thursday this week would work for me. I'm open from 9 am PDT to 3 pm PDT. Let me know when works best for you.

Thanks,

Steven Gebelin
Syverson, Lesowitz & Gebelin LLP
310-341-3072
steven@syversonlaw.com

---

**From:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>
**Sent:** Tuesday, September 24, 2019 4:07 AM
**To:** 'steven@syversonlaw.com' <steven@syversonlaw.com>; 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

Good morning Steve,

We didn't hear back from you last week. Could we please try to connect on Thursday of this week? It's important that we have this call to get discovery back on track. Larry and I really do not want to involve the court already, but if we cannot get a dialogue going, I don't see what choice we are left with.

Jonathan

**From:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>
**Sent:** Monday, September 16, 2019 10:14 AM
**To:** 'steven@syversonlaw.com' <steven@syversonlaw.com>; 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

Good morning Steve,

We'd like our conference to be as meaningful as possible. So, rather than rush your preparations, why don't we plan to chat once you're in a position to discuss the responses in depth? Will Friday work?

Jonathan


**Jonathan L. Schwartz, Esq.** | **Partner**
**DIRECT** 312.572.8411 | **EXT** 8411 | **MOBILE** 773.206.8396
222 West Adams Street, Suite 2250 | Chicago, Il 60606-5312

**From:** steven@syversonlaw.com <steven@syversonlaw.com>
**Sent:** Monday, September 16, 2019 12:42 AM
**To:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>; 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

**ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.**

Hi Jonathan- I should be open on Tuesday afternoon for a quick chat to start the process, but I don't expect that I'll be in a position to go through all of the discovery responses in depth.

Steven Gebelin
Syverson, Lesowitz & Gebelin LLP
310-341-3072
steven@syversonlaw.com

**From:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>
**Sent:** Sunday, September 15, 2019 11:37 AM
**To:** 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>; steven@syversonlaw.com
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

Thank you, gentlemen. Steve, do you have availability on Monday afternoon or on Tuesday afternoon?

Jonathan

**From:** Scott Lesowitz <scott@syversonlaw.com>
**Sent:** Sunday, September 15, 2019 12:57 PM
**To:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>; steven@syversonlaw.com
**Subject:** RE: Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

**ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.**

Hello Jonathan,

I apologize for not responding to your e-mail below earlier. I am extremely busy right now. My partner Steven Gebelin (Ccd) is going to be taking the lead on any discovery issues. Steve's phone number is 310-341-3072. Steve, Jonathan's phone number is 312-572-8411.

Thank you for your understanding,
Scott



Scott Lesowitz
8383 Wilshire Boulevard, Suite 520
Beverly Hills, California 90211
310-341-3076

---

**From:** Schwartz, Jonathan L. <jschwartz@goldbergsegalla.com>
**Sent:** Tuesday, September 10, 2019 3:25 AM
**To:** 'Scott Lesowitz' <scott@syversonlaw.com>
**Cc:** Mason, Larry D. <lmason@goldbergsegalla.com>; 'Leon Chen' <lchen2008@yahoo.com>
**Subject:** Kydia v. Obento: Meet and Confer on Kydia's Discovery Responses [GSLAW-IMANAGE.FID2421879]

Good morning Scott,

Larry and I would like to schedule time for a meet and confer discussion with you on Thursday and Friday of this week about Kydia's answers to Obento ("CMO") and Chan's interrogatories and requests for production. Please let us know your availability.

Please know we were disappointed to receive approximately 100 pages of documents and two names in response to what we considered comprehensive discovery requests. Apparently, we have a disconnect on three overarching issues.

The first is Obento's Counterclaim. The Counterclaim alleges Kydia had an elaborate scheme to disrupt Obento's management of its customers' GMB listings. This includes a sustained, outsourced, and concerted effort to deceive both Google and many Chinese restaurants into providing to Kydia access to the restaurants' GMB listings. The discovery seeks to identify evidence supporting the Counterclaim and otherwise corroborating Corpuz' detailed explanation of the scheme.

The second is Kydia's damages. Kydia is responsible for its claims that Obento, for lack of a better term, "stole" its customers, both in 2015/2016 and in 2018. We fully expect, and Judge Pepper will agree, that Kydia should know by now which customers it believes CMO stole. We thus reject the premise that it is Defendants' sole responsibility to inform Kydia of the identity of the restaurants that chose to work with them.

The third is Kydia's competition. Kydia is a much larger enterprise than CMO. We cannot accept that Kydia is ignorant of who manages Chinese food restaurants' GMB listings and otherwise provides online food ordering services for them. The information is publicly available and a list may be easily constructed. When searching for CMO restaurants in Chicago, I was able to identify most of CMO's customers through a simple Google search. To suggest throughout Kydia's discovery responses that it has no idea who CMO's customers are leaves us believing that either Kydia is not as sophisticated as we believe it is, or Kydia is not making a good faith effort to comply with its discovery obligations.

I would like to hope that once we bridge these three disconnects, we will be in a better position to discuss our particular concerns about Kydia's discovery responses. Please provide us with a few windows of availability on Thursday/Friday, and we will do our best to accommodate them.

Kind regards,
Jonathan

**Jonathan L. Schwartz, Esq.**  |  **Partner**

222 West Adams Street, Suite 2250  |  Chicago, Il 60606-5312
**MAIL** PO Box 957, Buffalo, NY 14201
**DIRECT** 312.572.8411  |  **EXT** 8411  |  **FAX** 312.572.8401  |  **MOBILE** 773.206.8396
jschwartz@goldbergsegalla.com  |  Biography
www.goldbergsegalla.com



California | Connecticut | Florida | Illinois | Maryland | Missouri
New Jersey | New York | North Carolina | Pennsylvania | United Kingdom

   

Privileged attorney-client communication / attorney's work product. This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system.