UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KYDIA INCORPORATED,**

**Plaintiff,**

v.                                Case No. 18-CV-1217

**OBENTO LIMITED, et al.,**

**Defendants.**

## ORDER DENYING WITHOUT PREJUDICE THE PARTIES' DISCOVERY MOTIONS

Chief Judge Pepper has referred this matter to this court to address the parties' discovery disputes. (ECF No. 82.) Each side complains that the other's responses to interrogatories and requests for production have been incomplete. (ECF No. 63, 80.)

Discovery disputes of this nature are especially tedious and time-consuming for the court, and the parties have exacerbated these inherent difficulties in the manner in which they have presented their disputes. At issue are dozens of individual interrogatories and requests for production. However, the proponents' briefs (ECF Nos. 63, 67, 80) offer, at best, examples of their disputes. The parties seem to expect the court to decipher the nature of each disputed request by untangling hundreds of pages of

discovery requests, responses, emails, and letters that they have appended to their various filings. This is a grossly inefficient use of the court's time and comes at the expense of the many of other litigants with matters pending before this court.

The parties' pending motions (ECF No. 63, 80) are **denied without prejudice**. Not later than **May 13, 2020,** the parties may refile their respective motions to compel in accordance with this order. Briefing will proceed in accordance with Civ. L.R. 7. The page limits set forth in Civ. L.R. 7(f) do not apply. Failure to comply with this order may result in the denial of a motion to compel.

In addition to setting forth the relevant facts (including proof of compliance with Civ. L.R. 37) and authority in support of the party's motion, the brief in support of any motion to compel shall fully restate each interrogatory or request for production in dispute, followed by the response, and then, for each disputed interrogatory or request, an argument as to the problem with the response and a statement of the specific relief sought. This shall repeat as to each disputed interrogatory or request.

Supporting documents--*e.g.*, affidavits, emails, letters, etc.--should be offered only to prove that what is asserted in a brief is true. They are not where the court should have to look to understand the nature of the dispute. The entirety of the parties' dispute must be clear from the briefs. Moreover, any exhibit must be electronically filed as a separate entry; a party must not file a single document consisting of an affidavit followed by a dozen exhibits. Rather, the party must file an affidavit to which there are

a dozen attachments, each identified with an appropriately descriptive name--*e.g.*, "Exhibit A – Plaintiff's Interrogatories dated February 21, 2020."

Following the close of briefing the court will review the parties' submissions to determine whether a hearing is necessary or whether the motions may be resolved on the briefs.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 28th day of April, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge